IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JONATHAN DELGADO FLORES
Plaintiff
vs
UNITED STATES OF AMERICA
Defendant

CIVIL 16-1415CCC
(Related Crim. 12-0685-10CCC)

## OPINION AND ORDER

Before the Court is Jonathan Delgado Flores (hereinafter "Petitioner" or "Delgado Flores") *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (**d.e. 1**), and the Government's Response (d.e. 3). For the reasons stated below, the Court concludes that said Petition must be and is hereby DENIED.

## I.     BACKGROUND

A.    On March 29, 2012, approximately six months before the Indictment in the instant case, Jonathan Delgado Flores was charged in Criminal 12-253(GAG) in a one-count Indictment (Criminal 12-253GAG, d.e. 3).

Count One (1) of said Indictment charged that from in or about January, 2011 to in or about March, 2011, in the District of Puerto Rico, and within the jurisdiction of this Court, defendant Jonathan Delgado Flores, not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing firearms, as defined in Title 18, United States Code, Sections 921(a)(21) and (22), that is, illegally selling firearms for profit, to wit:  two (2) Glock Pistols, Model 30, .45mm caliber; (I) one with serial number NWZ-161, along with two (2)

CIVIL 16-1415CCC                    2
(Related Crim. 12-0685-10CCC)

.45 magazines and (II) the other one with serial number RAC-086, along with three (3) .45 magazines, a Smith and Wesson pistol, .40 mm caliber, serial number DTK3910 along with two (2) .40 magazines loaded with twenty-five (25) rounds of .40 mm caliber ammunitions, a Glock Pistol, Model 20, 10mm caliber, serial number WY-467 with a .40 magazine with forty (40) rounds of .40mm ammunition and a Taurus Pistol, Model PT145PRO, 45mm caliber, serial number NDM29038 along with four (4) .45 magazines, violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), 924(a)(1)(D) (Criminal 12-253GAG**,** d.e. 3 at p. 1).

On August 16, 2012, Delgado Flores entered a straight plea (Criminal 12-253GAG, d.e. 33). On December 6, 2012, he was sentenced to a term of imprisonment of 24 months in prison, a supervised released term of 3 years and a special monetary assessment of $100.00 (Criminal 12-253GAG**,** d.e. 49). Judgment was entered on that same day (Criminal 12-253GAG**,** d.e. 50). On December 13, 2012, Delgado Flores through counsel filed a Notice of Waiver of Appeal indicating that he did not wanted to appeal. (Criminal 12-253GAG, d.e. 52). On September 24, 2012, prior to his sentencing hearing, Delgado Flores was charged along with twelve (12) others in Criminal 12-685(JAF) (Criminal 12-685JAF, d.e. 3).

Delgado Flores was charged in Counts One and Two of said Indictment.

Count One (1) charged that from in or about 2009, and continuing up to and until the return of the instant Indictment, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, [10] Jonathan Delgado Flores, and twelve other co-defendants, did knowingly and intentionally combine,

CIVIL 16-1415CCC                            3
(Related Crim. 12-0685-10CCC)

conspire, and agree with diverse other persons, known and unknown to the Grand Jury to commit an offense against the United States, that is: a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(ii), namely, possession with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance. All in violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(A)(ii) (Criminal 12-685JAF, d.e. 3 at pp. 2-3).

Count Two (2) charged that from in or about 2009, and continuing up to and until the return of the instant Indictment, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, defendant [10] Jonathan Delgado Flores and other co-defendants did knowingly and intentionally combine, conspire, confederate, and agree with other diverse persons commit an offense against the United States, that is: to import into the customs territory of the United States from places outside thereof, five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance. All in violation of Title 21, United States Code, Sections 963, 952 and 960(a)(1) and (b)(1)(B) (Criminal 12-685 JAF, d.e. 3 at p. 4).

On April 30, 2013, Delgado Flores pled guilty to Count One of the Indictment (Criminal 12-685JAF, d.e. 219). The Plea Agreement, filed on the same day, stipulated an adjusted offense level of 33, yielding an imprisonment range of 135 to 168 months (Id. at pp. 4-5). The parties agreed to recommend that the defendant be sentenced to 135 months, irrespectively of the criminal

CIVIL 16-1415CCC 4
(Related Crim. 12-0685-10CCC)

history category in which the defendant falls. Id.  The parties further agreed that the defendant would be free to argue for additional adjustments, departures and/or variance to the above agreed guideline calculations in support of a sentence of 120 months. Id.  The parties did not stipulate a Criminal History Category. Id.  The parties stipulated, however, that the defendant's conviction and sentence in Criminal 12-253(GAG) was part of the relevant conduct in Criminal 12-685(JAF), therefore such conviction should not score any points in the defendant's criminal history calculation. Id. at p. 16. The parties further agreed that the sentence imposed in this case be ordered to be served concurrently with the sentence imposed in Criminal 12-253(GAG). Id. at p. 5. The parties agreed, pursuant to § 5G1.3(b) of the USSG, that the Court should adjust the sentence in order for the defendant to be credited the undischarged term of imprisonment he was already serving in Criminal 12-253(GAG). Id.

On June 24, 2013, Delgado Flores' Pre-Sentence Report was filed (Criminal 12-685JAF, d.e. 219).  On July 8, 2013, an Amended Pre-Sentence Report was filed, and on July 23, 2013 an Addendum to the Pre-Sentence Report was filed (Criminal 12-685JAF, d.e. 304 and d.e. 323).

On August 5, 2013, Delgado Flores' sentencing hearing was held (Criminal 12-685JAF, d.e. 358).  Petitioner was sentenced to a term of imprisonment of one hundred thirty-five (135) months to be served concurrently with the twenty-four (24) months sentence imposed in Criminal 12-253(GAG) "since that case was relevant conduct to this case;" a supervised release term

CIVIL 16-1415CCC 5
(Related Crim. 12-0685-10CCC)

of 5 years; and a special monetary assessment of $100. 00. Id. Judgment was entered on August 8, 2013 (Criminal 12-685JAF, d.e. 359).

On August 8, 2013, Petitioner, represented by counsel, filed a timely Notice of Appeal from the Judgment alleging that the government materially breached the plea agreement (Criminal 12-685JAF, d.e. 360). On February 9, 2015, the First Circuit court issued an Opinion finding no breach and affirming the sentence (Criminal 12-685JAF, d.e. 576). Judgment was entered on that same day (Criminal 12-685JAF, d.e. 577). Delgado Flores did not file a petition for writ of certiorari before the Supreme Court.

On March 9, 2106, he filed this 28 U.S.C. § 2255 Petition alleging that his sentence was obtained in violation of the Speedy Trial Act (**d.e. 1**). On May 5, 2016, the Government filed its Response in Opposition (d.e. 3).

**II.    STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may petition to vacate, set aside, or correct his or her sentence by showing that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  However, "[r]elief under [§ 2255] is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." Blake v. United States, 723 F.3d 870, 878-79 (7th Cir. 2013) (citations omitted); s*ee* Knight v. United State*s*, 37 F.3d 769, 772-73 (1st Cir. 1994).

CIVIL 16-1415CCC                              6
(Related Crim. 12-0685-10CCC)

A motion under § 2255 is not a substitute for a direct appeal. Foster v. Chatman, 136 S. Ct. 1737, 1758 (2016). As a result, "as a general rule, federal prisoners may not use a motion under 28 U.S.C. § 2255 to relitigate a claim that was previously rejected on direct appeal." Id. (citations omitted). Moreover, "[c]ollateral relief in a § 2255 proceeding is generally unavailable if the petitioner has procedurally defaulted his claim by failing to raise the claim in a timely manner at trial or on direct appeal." Bucci v. United States, 662 F.3d 18, 27 (1st Cir. 2011) (quotation marks and citations omitted). If a § 2255 petitioner does not raise a claim on direct appeal, that claim is barred from judicial review unless Petitioner can demonstrate both (1) cause for the procedural default and (2) actual prejudice resulting from the error asserted. Id.; United States v. Frady, 456 U.S. 152, 167-68 (1982).

Petitioner may overcome procedural default by demonstrating his actual factual innocence. Pinillos v. United States, 990 F.Supp. 2d 83, 100 (2013). The Supreme Court has emphasized that the actual innocence exception is very narrow, reserved for truly exceptional cases. Walker v. Russo, 506 F.3d 19, 21 (1st Cir. 2007) (citing Murray v. Carrier, 477 U.S. 478, 496 (1986)). Actual innocence means "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623-624 (1998), United States v. Barret, 178 F.3d 34, 57 (1st Cir. 1999). In order to succeed, the petitioner must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Barreto-Barreto v. United States, 551 F.3d 95, 102 (1st Cir. 2008) (quoting House v. Bell, 547 U.S. 518, 536-537 (2006)).

CIVIL 16-1415CCC                      7
(Related Crim. 12-0685-10CCC)

Because Petitioner brings this collateral attack *pro se*, the Court construes the submissions liberally and holds them "to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citation omitted). Courts may dismiss *pro se* complaints "only if a [petitioner] cannot prove any set of facts entitling him or her to relief." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) (citing Rockwell v. Cape Cod Hosp., 26 F.3d 254, 255 (1st Cir. 1994)); see Xiaoyan Tang v. Citizens Bank, N.A., 821 F.3d 206, 219 (1st Cir. 2016). "However, *pro se* status does not insulate a party from complying with procedural and substantive law. The policy behind affording *pro se* [petitioners] liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed, 118 F.3d at 890 (citation omitted). A *pro se* petitioner is not exempt from having to put forth the "requisite supporting facts" for each element of his claim. See Id.

### III.  DISCUSSION

Delgado Flores filed his 28 U.S.C. § 2255 Petition requesting that his sentence be vacated based on the claim that his sentence was obtained in violation of the Speedy Trial Act and was part of Criminal 12-253(GAG) (d.e. 1 at p. 1). He argues that the conspiracy for which he charged and convicted in Criminal 12-253(GAG) and the conspiracy for he was charged and convicted in the instant case (Criminal 12-685JAF), "occurred at the same time, same evidence, same people and same Federal Agent." (d.e. 1 at p. 2). He contends that the government violated sections 3161(b) and 3161(a)(1) of the Speedy Trial Act because at the time he was indicted in Criminal 12-253(GAG),

CIVIL 16-1415CCC                           8
(Related Crim. 12-0685-10CCC)

the government knew about the conspiracy in Criminal 12-685(JAF), had "enough information and sufficient evidence to include it as another count in Criminal 12-253(GAG) but decided to hold on to the evidence and information" and then indict him again six months later (d.e. 1 at pp. 2-3).

Delgado Flores raises the claim of violation of the Speedy Trial Act for the first time in the § 2255 Petition.  Although Petitioner filed a direct appeal from the Judgment, this claim of violation of the Speedy Trial Act was not raised on direct appeal.  Section 2255 motions have exhaustion requirements and previously appealing an issue raised collaterally is one of them.  See Pinillos v. United States, 990 F.Supp. 2d 83, 100 (2013).  A Petitioner may only overcome a procedural default if he can demonstrate cause and actual prejudice or that he is actually innocent.  Id.  A review of the record reflects that Delgado Flores' Speedy Trial Act claim is unfounded and that Petitioner has failed to overcome the procedural default.

The Speedy Trial Act establishes time limits for completing the various stages of a federal criminal prosecution.  Title I of the Speedy Trial Act of 1974, 88 Stat. 2080, as amended August 2, 1979, 93 Stat. 328, 18 U.S.C. §§ 3161-3174.  The Act requires that a person arrested for a crime must be charged by indictment or information within thirty days of his arrest "in connection with such charges."  18 U.S.C. § 3161(b).[1]  If the defendant is not indicted within the 30-day period, the charges must be dismissed.  18 U.S.C. § 3162(a)(1).  It is  well settled that "the Speedy Trial Act clock begins to run

---

[1] Trial must commence within 70 days from the date the information or indictment was filed, or from the date the defendant appears before an officer of the court in which the charge is pending, whichever is later.  18 U.S.C. § 3161(c)(1).

CIVIL 16-1415CCC                                9
(Related Crim. 12-0685-10CCC)

anew with the filing of a new indictment that contains a different charge". United States v. Sachakov, 812 F.Supp. 2d 198, 207 (E.D.N.Y. 2011). See also United States v. Ramos, 588 F.Supp. 1223, 1226 (S.D.N.Y. 1984). "An arrest triggers the running of § 3161(b) of the Speedy Trial Act only if the arrest is for the same offense for which the accused is subsequently indicted." United States v. Brooks, 670 F.2d 148, 151 (11th Cir. 1982). A defendant's right to a speedy trial has constitutional and statutory underpinnings in addition to the Speedy Trial Act. A defendant's rights under the Speedy Trial Clause of the Sixth Amendment are triggered by "either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge." United States v. Marion, 404 U.S. 307, 320 (1971).

The record is clear that Delgado Flores was charged in two cases with different indictments charging different offenses. Petitioner was convicted in each of these two cases for different offenses with different statutory violations. The fact that the firearms activity in Criminal 12-253(GAG) was relevant conduct to the drug conviction in Criminal 12-685(JAF) and that the Court ordered that the sentences run concurrently, does not mean that the offenses had to be charged in one same indictment. Since Delgado's second indictment was for conduct different than the conduct charged in the first indictment, the government was not required to file the charges of the second case within the 30-day timeframe provided in the Speedy Trial Act. Petitioner's Speedy Trial Act claim is meritless.

Delgado Flores having failed to overcome the procedural default, his § 2255 Petition to Vacate, Set Aside or Correct Sentence (**d.e. 1**) is DENIED.

CIVIL 16-1415CCC 10
(Related Crim. 12-0685-10CCC)

## IV. CONCLUSION

For the reasons stated, Petitioner Jonathan Delgado Flores' Motion under 28 U.S.C. § 2255 (**d.e. 1**) is DENIED. Petitioner's request for an evidentiary hearing is also DENIED. Judgment shall be entered in accordance with the terms of this Opinion and Order.

## V. CERTIFICATE OF APPEALABILITY

It is further ORDERED that no certificate of appealability should be issued in the event that Petitione**r** filed a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

SO ORDERED.

At San Juan, Puerto Rico, on March 29, 2019.

S/CARMEN CONSUELO CEREZO
United States District Judge